UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| APRIL JACOB | CIVIL ACTION NO. _____ |
|     Plaintiff | |
| VERSUS | |
| ROYAL CARIBBEAN CRUISES, LTD., ROYAL CARIBBEAN INTERNATIONAL, a subsidiary of ROYAL CARIBBEAN CRUISES, LTD., and ROYAL CARIBBEAN CRUISES, LTD., A LIBERIAN CORPORATION | JUDGE: _____ <br><br> MAGISTRATE: _____ |
|     Defendants | SECTION: _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ORIGINAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes **APRIL JACOB**, a resident and domiciliary of the Western District of Louisiana, who respectfully represents:

1.

Made Defendants herein are **ROYAL CARIBBEAN CRUISES, LTD.**; **ROYAL CARIBBEAN INTERNATIONAL, a subsidiary of ROYAL CARIBBEAN CRUISES, LTD.; and ROYAL CARIBBEAN CRUISES, LTD., A LIBERIAN CORPORATION (all of whom are referred to hereinafter as "ROYAL CARIBBEAN"),** all of which transact business in the Western District of Louisiana, who may be served through their agent for service of process, **BRADLEY H. STEIN**, 1050 Caribbean Way, Miami, Florida 33132, all of whom are justly and truly liable unto Complainant, **APRIL JACOB (hereinafter referred to as "JACOB")**, as follows:

2.

At all times material herein, **ROYAL CARIBBEAN** was the owner of the Vessel MS

NAVIGATOR OF THE SEAS, a ship owned and operated by **ROYAL CARIBBEAN**, upon which the accident/injury described herein occurred on November 23, 2014.

3.

At all times material herein, **ROYAL CARIBBEAN** transacted business in the Western District of Louisiana.  Specifically, **ROYAL CARIBBEAN** contracted with Travel Machine, LLC, and/or KBON, to provide Zydeco cruises upon the NAVIGATOR OF THE SEAS.  At all times herein, Travel Machine, LLC and KBON, were Louisiana entities located within the Western District of Louisiana, therefore making jurisdiction and venue appropriate for this cause of action.

4.

The events described herein occurred during the seven (7) day Zydeco/KBON Cruise which was conducted November 16, 2014 through November 23, 2014.   The accident described herein occurred on November 23, 2014, at approximately 1:30 a.m.

5.

At all times described herein, **APRIL JACOB** was employed as a sound technician/stagehand in preparing the stage/venue for the bands which provided musical entertainment for the passengers of the NAVIGATOR OF THE SEAS cruise.  In that capacity, **APRIL JACOB** was a member of the crew of the vessel, NAVIGATOR OF THE SEAS,  and was entitled to the protection of the Jones Act and General Maritime Law.  In all of her work duties, she was subject to the direct supervision and control of a uniformed crew member of the NAVIGATOR OF THE SEAS, employed by **ROYAL CARIBBEAN.**

6.

During the November 16-23, 2014 cruise, **JACOB** specifically rendered services as a sound technician/stagehand for the bands, High Performance, Steve Riley and the Mamou Playboys, and

Delton Richard, assisting in setting up musical equipment, including, but not limited to, drumsets, amplifiers, amplifier racks, sound monitors, sound boards, speakers, electrical cables running from the sound board to the musicians' instruments and amplifiers, assisted in monitoring the sound during the performance, switching out equipment between bands, and after performances, would work along side uniformed **ROYAL CARIBBEAN** crew members under the direction of the **ROYAL CARIBBEAN** supervisor.  At the conclusion of the performances, **JACOB** would remove/breakdown the equipment described above to be store away, as well as breakdown the stage sets for the musical performances.  This activity contributed to the mission and purposes of the vessel.

7.

On November 22, 2014, the final night of the cruise, all of the above referenced bands participated in a Grand Finale.  The dance floor had been set up over the NAVIGATOR OF THE SEAS ice rink.  At the conclusion of the performance, at approximately 1:30 a.m. on November 23, 2014, **APRIL JACOB** was in the process of removing and stowing away the equipment, all under the direct supervision and specific direction of the uniformed **ROYAL CARIBBEAN** crew supervisor.  The stage and the dance floor for the Grand Finale performance, as mentioned above, had been set up over the existing ice skating rink.  This presented a complicated and dangerous condition for crew members, because the stage was unstable and would shift, as the stage was composed of multiple component parts.  At the conclusion of the last performance, **APRIL JACOB** was working under the direct supervision of the **ROYAL CARIBBEAN** supervisor, but was working without sufficient assistance, as **ROYAL CARIBBEAN** personnel had been directed to perform other tasks, possibly in preparation for berthing at the intended destination, Galveston, Texas.

8.

Because **APRIL JACOB** was working without sufficient crew member assistance, she was individually pushing a large, heavy crate full of equipment, which included speaker cables.  The area of the stage situated on the ice rink shifted, causing the crate to get stuck in the grooves between the component parts of the stage, which caused **APRIL JACOB** to fall, breaking her collarbone, dislocating her shoulder, and sustained a concussion.

9.

This accident was caused by the unsafe working condition aboard the NAVIGATOR OF THE SEAS; was caused and/or contributed to the unseaworthy condition of the NAVIGATOR OF THE SEAS, in that insufficient crew members were available to assist in the performance of the necessary tasks being undertaken by **APRIL JACOB**; the unseaworthy condition of insufficient crew members was actually known to the **ROYAL CARIBBEAN** supervisor in charge of directing the work.

10.

**APRIL JACOB** was denied medical attention on board the NAVIGATOR OF THE SEAS, in that she was told that she would have to pay out of pocket medical expenses to be evaluated and treated by medical personnel on board.  This action violated the duty owed to **APRIL JACOB** as a member of the crew of the NAVIGATOR OF THE SEAS.

11.

**APRIL JACOB** suffered a concussion and continues to suffer post concussive symptoms; suffered a broken collarbone and dislocated shoulder, all of which have required the services of an orthopedic surgeon, and continues to be unable to work without physical and mental pain.

12.

**APRIL JACOBS** seeks maintenance and cure in her capacity as a Jones Act seamen; seeks damages for past medical expenses, future medical expenses, past and future physical and mental pain and suffering and disability and loss of enjoyment of life, as well as lost earnings and reduced earning capacity in the past, as well as in the future. **APRIL JACOB** seeks damages that are reasonable in the premises, and itemizes her damages in an amount not less than one (1) million dollars ($1,000,000.00).

13.

This suit is filed under Rule 9(h), and no jury is sought.

**THEREFORE**, the above facts having been alleged, **APRIL JACOB** prays that this suit be filed on her behalf, that **ROYAL CARIBBEAN CRUISES, LTD., ROYAL CARIBBEAN INTERNATIONAL, a subsidiary of ROYAL CARIBBEAN CRUISES, LTD., and ROYAL CARIBBEAN CRUISES, LTD., A LIBERIAN CORPORATION**, be provided with this Summons, be cited to answer same, and that after due proceedings have been held, that there be Judgment rendered in favor of **APRIL JACOB**, and against **ROYAL CARIBBEAN CRUISES, LTD., ROYAL CARIBBEAN INTERNATIONAL, a subsidiary of ROYAL CARIBBEAN CRUISES, LTD., and ROYAL CARIBBEAN CRUISES, LTD., A LIBERIAN CORPORATION**, in the amount of one (1) million dollars ($1,000,000.00), plus legal interest thereon, as well as any costs of court and expert fees associated with the litigation.

Respectfully submitted:

MORROW, GATES & MORROW, L.L.C.

BY:    s/James S. Gates
        JAMES S. GATES (State Bar Roll # 16933)
        Attorney for Plaintiff, **APRIL JACOB**
        MORROW, GATES & MORROW, L.L.C.
        613 S. Main Street
        P. O. Drawer 219
        Opelousas, LA 70571-0219
        (337) 942-6529 (telephone)
        (337) 948-4364 (facsimile)
        Email: jg@mgmlawllc.com