0344-20330                                                                                          #1320765

## UNITED STATE BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **APRIL JACOB**<br>　　　　**Plaintiff** | **CASE NO. 6:17-cv-01533** |
| **VERSUS** | **JUDGE: UNASSIGNED DISTRICT JUDGE** |
| **ROYAL CARIBBEAN CRUISES, LTD.; ROYAL CARIBBEAN INTERNATIONAL, a subsidiary of ROYAL CARIBBEAN CRUISES, LTD.; and ROYAL CARIBBEAN CRUISES, LTD., A LIBERIAN CORPORATION**<br>**Defendants** | **MAGISTRATE: CAROL B. WHITEHURST** |

## <u>ANSWER TO COMPLAINT</u>

**NOW INTO COURT**, through undersigned counsel comes defendant, Royal Caribbean Cruises, LTD., Royal Caribbean International, a subsidiary of Royal Caribbean Cruises, Ltd., and Royal Caribbean Cruises, Ltd., A Liberian Corporation (hereinafter collectively referred to as "Royal Caribbean" or "Defendants"), and respond to the Complaint filed by April Jacob ("Plaintiff"), as follows:

### <u>FIRST DEFENSE</u>

The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### <u>SECOND DEFENSE</u>

The Plaintiff's Complaint is barred by the applicable statute of limitations, laches, or the contractual limitation period in the ticket contract.

**THIRD DEFENSE**

Defendants are not subject to personal jurisdiction in Louisiana and hence, this District Court, and this Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

**FOURTH DEFENSE**

Defendants object to this venue as improper and aver that this Complaint should be dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). In the alternative, venue should be transferred to the United States District Court for the Southern District of Florida under 28 U.S.C. §1404(a) because the Cruise/Cruisetour Ticket Contract provides a forum selection clause mandating venue in the Southern District of Florida.

**FIFTH DEFENSE**

And now, without waiving any of the foregoing defenses, Defendants respond to the allegations of Plaintiff's Complaint categorically and by paragraph as follows:

1.

Defendants specifically deny that they transact business in the Western District of Louisiana. Defendants further expressly deny that they are liable to the Plaintiff. Defendants deny any and all further allegations in Paragraph 1.

2.

Defendants deny the allegations in Paragraph 2 for lack of information sufficient to justify a belief therein.

2

3.

Defendants deny that they transacted business in the Western District of Louisiana. Defendants deny the remaining allegations in Paragraph 3 for lack of sufficient information to justify a belief therein.

4.

Defendants deny the allegations in Paragraph 4 for lack of sufficient information to justify a belief therein.

5.

Defendants deny the allegations in Paragraph 5.

6.

Defendants deny the allegations in Paragraph 6 for lack of sufficient information to justify a belief therein.

7.

Defendants deny the allegations in Paragraph 7 for lack of sufficient information to justify a belief therein.

8.

Defendants deny the allegations in Paragraph 8 for lack of sufficient information to justify a belief therein.

9.

Defendants deny the allegations in Paragraph 9.

10.

Defendants deny the allegations in Paragraph 10 for lack of sufficient information to justify a belief therein. Further, to the extent Paragraph 10 states a legal conclusion, no response is required.

11.

Defendants deny the allegations in Paragraph 11 for lack of sufficient information to justify a belief therein.

12.

Defendants deny the allegations in Paragraph 12.

13.

Defendants admit that Plaintiff has filed suit under Rule 9(h) and does not seek a jury.

14.

The unnumbered paragraph following Paragraph 13 constitutes a prayer for relief and as such no response is required. To the extent a response is deemed required, Defendants deny the allegations contained in the prayer for relief.

## SIXTH DEFENSE

Defendants deny the allegations of any unnumbered and/or misnumbered paragraphs, any allegations contained in the prayer for relief, and any allegations contained in the Complaint which have not heretofore been specifically addressed.

## SEVENTH DEFENSE

Defendants aver that Plaintiff is not a Jones Act seaman as that term is defined under the Jones Act and the laws of the United States of America and is additionally therefore not entitled to maintenance and cure.

## EIGHTH DEFENSE

Defendants aver that Plaintiff was not employed by Defendants at the time the complained of events occurred and therefore can have no recovery from Defendants.

## NINTH DEFENSE

Defendants aver that Plaintiff was not its "borrowed servant" as that term is defined and therefore can have no recovery from Defendants.

## TENTH DEFENSE

Defendants aver that Plaintiff was not in the course and scope of employment or in the service of a vessel at the time of the events complained of and therefore Plaintiff can have and make no recovery herein.

## ELEVENTH DEFENSE

Defendants aver that Plaintiff was a passenger on the NAVIGATOR OF THE SEAS and that a passenger ticket and contract was issued to and accepted by her.

## TWELFTH DEFENSE

Defendants aver that Plaintiff is bound by the terms of the Cruise/Cruise Tour Ticket Contract which requires Plaintiff to notify Defendants of the injury within 6 months and to file suit within one year. Plaintiff did not notify Defendants of her injury or file suit within the allowed time and her suit is therefore barred. In addition, the ticket contract contains a forum selection clause electing venue in the Southern District of Florida. Because suit was not filed in that venue, the suit should be transferred if not dismissed for other reasons.

## THIRTEENTH DEFENSE

The alleged accident claimed by the Plaintiff, and any claimed injuries and/or damages (if any), were the result of the fault and/or neglect of Plaintiff, the particulars of which will be

5

shown at the trial of this matter and which fault or neglect are pleaded as a bar to and/or in diminution of Plaintiff's recovery herein.

## FOURTEENTH DEFENSE

Defendants specifically deny that they or anyone for whose actions they are or may be responsible for in any way, caused or contributed to the alleged accident claimed by Plaintiff and any injuries, damages and/or losses resulting therefrom (if any); on the contrary, such alleged accident and claimed injuries and/or damages (if any) were caused by the fault and/or neglect of Plaintiff and/or persons or parties for whom Defendants cannot be held responsible.

## FIFTEENTH DEFENSE

Defendants deny that the alleged accident claimed by Plaintiff, and the claimed injuries and/or damages (if any), were caused or contributed to by any unsafe conditions caused or created by Defendants, or by any equipment and/or conditions of such equipment and/or over an area, for which Defendants are or may be responsible.

## SIXTEENTH DEFENSE

Defendants aver that the Plaintiff's alleged accident and/or claimed injuries and/or damages (if any) resulting therefrom were not a foreseeable consequence of any act or omission on the part of Defendants or anyone for whom Defendants may be held responsible.

## SEVENTEENTH DEFENSE

Defendants aver that the Plaintiff's alleged accident and any claimed injuries and/or damages resulting therefrom (if any), were inherent in the activities being performed by Plaintiff at the time of the alleged accident, which risks were assumed by Plaintiff and which assumption of risk is pleaded as a bar to and/or in diminution of Plaintiff's recovery herein.

## EIGHTEENTH DEFENSE

Defendants aver that Plaintiff's claimed injuries and/or damages pre-existed and/or are otherwise unrelated to the alleged accident in suit.

## NINETEENTH DEFENSE

Defendants aver that the Plaintiff has failed to mitigate her damages and her recovery is thus herein defeated or mitigated.

## TWENTIETH DEFENSE

Defendants are entitled to a set off from any recovery against them to the extent of any and all benefits or monies paid or payable to or on behalf of Plaintiff from any sources.

## TWENTY-FIRST DEFENSE

Defendants aver that any negligence for which Defendants are allegedly responsible, such negligence being specifically denied, was in no way connected with the injuries for which Plaintiff seeks recovery.

## TWENTY-SECOND DEFENSE

If the Plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of Plaintiff or others for whom Defendants are in no way responsible.

## TWENTY-THIRD DEFENSE

In the event Defendants are found responsible in any way to Plaintiff, which is denied, Defendants aver that they are entitled to have the fault of Plaintiff and the fault of any and all other parties and non-parties, quantified and allocated and any amounts found owing to Plaintiff by Defendants be reduced to the extent of such fault.

### TWENTY-FOURTH DEFENSE

Defendants aver that Plaintiff's damages arose as the result of a pre-existing and/or subsequently developed physical and/or mental condition which were neither caused nor aggravated by any act or omission by Defendants, thus barring or mitigating any recovery by Plaintiff herein.

### TWENTY-FIFTH DEFENSE

Defendants aver that any damages allegedly sustained by Plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which Defendants or any other person, party, or entity for which Defendants would be responsible, was not responsible.

### TWENTY-SIXTH DEFENSE

In the alternative, subject to and without waiving the foregoing, Defendants specifically contend that Defendants had no duty to provide Plaintiff with a seaworthy vessel, and/or that such vessel was seaworthy in all manners and/or that Defendants provided Plaintiff with a seaworthy vessel.

### TWENTY-SEVENTH DEFENSE

In the alternative, subject to and without waiving the foregoing, Defendants aver that Plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

### TWENTY-EIGHTH DEFENSE

Further in the alternative, Defendants aver that Plaintiff's injuries, if any, resulted from a condition that was open and obvious to Plaintiff.

## TWENTY-NINTH DEFENSE

In the further alternative, Defendants specifically allege and aver that any damages allegedly sustained by the Plaintiff were due to a fortuitous event, an Act of God, or *force majeure* or other circumstances beyond Defendants' control or the responsibility of Defendants and were not proximately caused by any acts or omissions on the part of the Defendants or any other person, party or entity for whom they would be responsible.

## THIRTIETH DEFENSE

If the Plaintiff sustained any illness or injuries, which is specifically denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of Plaintiff or others for whom Defendants are in no way responsible. Specifically, Defendants allege and aver that Plaintiff was negligent or at fault in the following particulars, but not limited thereto:

1. Failure to see what she should have seen under the prevailing circumstances;

2. Failure to exercise reasonable care;

3. Failure to take proper precaution to avoid the alleged accident;

4. Failure to utilize safety measures available and/or instructions to prevent the accident; and

5. Any and all acts of negligence and/or assumptions of risk which will be proved at trial.

## THIRTY-FIRST DEFENSE

Defendants would show that if Plaintiff was injured, which is specifically denied, such injury was caused by equipment and/or occurred in an area over which Defendants had no control or authority.

## THIRTY-SECOND DEFENSE

Defendants reserve their right to supplement, amend, or modify their affirmative defenses and answers to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE,** the premises considered, defendants, Royal Caribbean Cruises, Ltd., Royal Caribbean International, a subsidiary of Royal Caribbean Cruises, Ltd., and Royal Caribbean Cruises, Ltd., A Liberian Corporation, pray that this, their Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of defendants, Royal Caribbean Cruises, Ltd., Royal Caribbean International, a subsidiary of Royal Caribbean Cruises, Ltd., and Royal Caribbean Cruises, Ltd., A Liberian Corporation, and against plaintiff, April Jacob, dismissing the Complaint at plaintiff's costs, and that defendants, Royal Caribbean Cruises, Ltd., Royal Caribbean International, a subsidiary of Royal Caribbean Cruises, Ltd., and Royal Caribbean Cruises, Ltd., A Liberian Corporation, be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted:

*/s/ Salvador J. Pusateri*
Salvador J. Pusateri (#21036), T.A.
Elizabeth B. McIntosh (#36575)
PUSATERI, JOHNSTON, GUILLOT & GREENBAUM
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pjgglaw.com
Elizabeth.McIntosh@pjgglaw.com
**ATTORNEYS FOR ROYAL CARIBBEAN CRUISES, LTD., ET AL**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2018, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

  */s/ Salvador J. Pusateri*